**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADUNOLA J. BELLO, | : | Civil No. 1:24-CV-01569 |
| Plaintiff, | : | |
| v. | : | |
| MIDLAND MORTGAGE, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is the report and recommendation of Magistrate Judge Sean A. Camoni recommending that Defendant's motion to dismiss be granted in part and denied in part. (Doc. 64.) Defendant timely filed objections to the report and recommendation, which Plaintiff did not oppose. (Doc. 65.) For the reasons that follow, the court will adopt the report and recommendation in part, grant Defendant's motion to dismiss, and dismiss Plaintiff's amended complaint.

## STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's report and recommendation

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may

also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

**B. Motion to dismiss**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3rd Cir. 2020).

## DISCUSSION[1]

**A. The court adopts Sections I, II, III(B)(2), and a portion of Sections III(A) and III(B)(3) of the report and recommendation.**

In Sections I and II of the report and recommendation, Judge Camoni details the factual allegations and procedural history of this case as well as the standard of review for a motion to dismiss. (Doc. 64, pp. 1–6.)[2] In a portion of Section (III)(A), Judge Camoni analyzes Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claim, concluding that Plaintiff brought a claim under Section 2605(g) of RESPA. (*Id.* at 7–9.) Judge Camoni recommends that this claim be dismissed without prejudice because Plaintiff has not set forth any facts to state a plausible claim under Section 2605(g). (*Id.*) In Section III(B)(2), Judge Camoni recommends that Plaintiff's Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim be dismissed without prejudice. (*Id.* at 17–19.) And in a portion of Section III(B)(3), Judge Camoni finds that Plaintiff's intentional infliction of emotional distress claim be dismissed with prejudice. (*Id.* at 21–22.) No party has filed objections to these portions of the report and recommendation. Following an independent review of Section I, II, and III(B)(2), a portion of III(A) and III(B)(3), and affording "reasoned consideration" to these

---

[1] Because the court is writing for the benefit of the parties, only the necessary information is included in this order. For a more fulsome discussion of the facts and issues in this case, the court refers to the report and recommendation. (Doc. 64.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

uncontested portions of the report, *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson*, 812 F.2d at 879), to "satisfy [the court] that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b), advisory committee notes, the court finds that Judge Camoni's analysis is well-reasoned and fully supported by the record and applicable law. Therefore, the court adopts Sections I, II, III(B)(2), and a portion of III(A) and III(B)(3) of the report and recommendation.

**B. The court adopts the analysis in Section III regarding treating Defendant's motion to dismiss as unopposed.**

In the beginning of Section III, Judge Camoni notes that the court may treat Defendant's motion to dismiss as unopposed pursuant to Local Rule 7.6, but that the Third Circuit has generally cautioned "against dismissing an action without a merits analysis for failure to comply with a local court rule." (Doc. 64, pp. 6–7.) Plaintiff failed to respond to Defendant's motion to dismiss, but Judge Camoni elected to conduct a merits analysis rather than summarily dismiss this action. (*Id.*) Defendant objects to this approach, arguing that Plaintiff's failure to respond and timely prosecute this case warrants dismissal without a merits analysis. (Doc. 65, pp. 3–5.)

The court will adopt the report and recommendation on this point. It is this court's preference, and the preference of the Third Circuit, to resolve issues on the merits, rather than a failure to comply with a Local Rule. *See Stackhouse v.*

*Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). As noted by Defendant, the court dismissed the action in *Price v. Lockhart*, No. 1:25-cv-00930, 2026 WL 1432672, at *2 (M.D. Pa. May 21, 2026), but only did so after conducting an analysis under the *Poulis* factors. Here, the *Poulis* factors have not been considered, and the court will not independently analyze those here.

**C. The court declines to adopt the portion of Section III(A) that permits a claim under Section 2605(e) of RESPA to proceed.**

The report and recommendation construes certain allegations in Plaintiff's amended complaint to bring a claim under Section 2605(e) of RESPA. (Doc. 64, pp. 9–14.) Defendant objects to this portion of the report, submitting that it could not glean that Plaintiff alleged a violation under Section 2605(e) from a reading of the amended complaint. (Doc. 65, pp. 5–8.) Because of this, Defendant did not address this section in its motion to dismiss and requests that it be given the opportunity to do so here. (*Id.* at 5–6.) The court agrees that Defendant should be given this opportunity and will address its Section 2605(e) argument here.

In the report and recommendation, Judge Camoni refers to paragraphs 11 through 14 of the amended complaint in finding that Plaintiff alleges a violation of Section 2605(e). Paragraphs 11 through 14 allege that even though Plaintiff made timely payments, Defendant reported her 60 days delinquent in October 2023. (Doc. 58, ¶ 11.) These derogatory marks continued for multiple payment cycles despite Plaintiff submitting "disputes and documentation." (*Id.* ¶ 12.) Plaintiff's

online mortgage account access was unilaterally revoked in July 2024 and, without that access, Plaintiff could not view her statements or amount due, or update her payment method. (*Id.* ¶ 13.) She submitted "written disputes" to Defendant and credit bureaus and, in July 2024, some of the derogatory marks were removed. (*Id.* ¶ 14.)

The report then analyzes these facts in connection with Section 2605(e), which imposes a duty on loan servicers to respond to "qualified written requests." (Doc. 64, pp. 9–14.) A qualified written request is defined as "a written correspondence, . . . that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower, . . . that the account is in error . . . ." 12 U.S.C. § 2605(e)(B)(i), (ii). Upon receiving a qualified written request, a loan servicer "may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency" for 60 days. *Id.* § 2605(e)(3).

Defendant submits that Plaintiff has not plausibly pleaded a claim under Section 2605(e) because she did include enough information to determine whether the "written disputes" were qualified written requests. (Doc. 65, pp. 6–8.) The court agrees with Defendant. Other than stating that she submitted "written disputes," Plaintiff provides no information to determine whether those written

disputes could be considered "qualified written requests." Her amended complaint lacks any detail regarding whether her written correspondence included her name, or account number, where she sent the correspondence to, and whether she included the reasons she disputed the derogatory marks. (*See* Doc. 58, ¶¶ 11–14.) Even construing the amended complaint generously, as Plaintiff is proceeding pro se, the court cannot conclude that she pleaded a RESPA claim under Section 2605(e). Accordingly, the court will sustain Defendant's objection and dismiss this claim without prejudice.

**D. The court declines to adopt Sections III(B)(1) and (3) of the report and recommendation.**

The report and recommendation finds that Plaintiff has pleaded plausible negligence and negligent infliction of emotional distress claims. (Doc. 64, pp. 14–16, 19–21.) These findings are based on the fact that Plaintiff has a plausible claim under RESPA. (*Id.*) However, as submitted by Defendant, Plaintiff has not adequately pleaded a RESPA claim in the complaint. (*See* Doc. 65, pp. 8–10.) It follows that Plaintiff has not pleaded sufficient facts to support her claims for negligence and negligent inflection of emotional distress. Therefore, the court will sustain Defendant's objections, and dismiss these claims without prejudice as well.

## CONCLUSION

For the reasons stated herein, the court will sustain Defendant's objections in part, adopt the report and recommendation in part, grant Defendant's motion to dismiss, and dismiss Plaintiff's complaint. Dismissal will be with prejudice as to Plaintiff's intentional infliction of emotional distress claim but without prejudice as to all other claims. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 25, 2026